UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

CASE NO.:

GREGORY TYSON,

        Plaintiff,

vs.

R&L CARRIERS SHARED SERVICES, L.L.C.

        Defendant,
_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, GREGORY TYSON ("TYSON" OR "PLAINTIFF"), through counsel, sues Defendant, R&L CARRIERS SHARED SERVICES, L.L.C. ("DEFENDANT" OR "R&L") and alleges the following:

1. This is an action for damages brought under the Fair Labor Standards Act ("FLSA").

2. Plaintiff resides in this Court's jurisdiction and is a current employee of Defendant.

1

3. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

4. The Northern District of Georgia has personal jurisdiction over Defendant because it is doing business in Georgia and in this judicial district.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to the claim occurred in this District.

6. At all times material hereto, Defendant was a foreign for-profit limited liability company engaged in the logistics business, was licensed to transact business in the State of Georgia, conducted business in Ellenwood, Georgia, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged, along with its employees, in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

7. In furtherance of his employment, Plaintiff regularly handled goods or materials that traveled through interstate commerce, or used

      instrumentalities of interstate commerce, thus providing Plaintiff with the protections of the Fair Labor Standards Act.

8. In justifiable reliance upon Defendant' representations and promises, Plaintiff accepted employment and worked for Defendant as a "back dock worker" at an hourly rate of $16.19 per hour.

9. From on or about March 1, 2012 to on or about December 16, 2016, Plaintiff worked on an average of 55 to 60 hours per week with Defendant. Despite the fact that Plaintiff routinely worked more than 40 hours in a workweek, Defendant deliberately refused to pay Plaintiff his overtime premiums, unless he worked in excess of 60 hours per week.

10. Defendant compensated Plaintiff at an hourly rate of $16.19 per hour for all hours worked, regardless of the number of hours worked, unless Plaintiff worked in excess of 60 hours per week.

11. By way of example, for the pay period covering June 5, 2016 through June 11, 2016, Plaintiff worked 54.50 hours but was only compensated $882.36, when Defendant should have compensated him $999.73. Therefore, Defendant still owes Plaintiff $117.37 in back wages for this week alone.

12. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

14. Plaintiff reavers and realleges paragraphs 1-13 herein.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

Respectfully submitted,

Goldberg & Loren, P.A.
1776 N. Pine Island Road
Suite 224
Plantation, FL 33322
Phone: (954)585-4878
Facsimile: (954)585-4886
E-Mail: JLoren@goldbergloren.com

_____
James M. Loren, Esquire
Ga Bar No.: 551363